IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 JAN 30 PM 1:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

ST. PAUL FIRE AND MARINE INS. )
CO., )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO. CV-97-B-0504-S
 )
SHOOK & FLETCHER INSULATION )
CO., et al., )
 )
    Defendants. )

ENTERED
JAN 3 0 1998

## MEMORANDUM OPINION

    This insurance coverage action was brought by one insurance carrier, St. Paul Fire and Marine Insurance Company ("St. Paul"), against its insured, Shook & Fletcher Insulation Co. ("Shook & Fletcher"), and other liability insurance carriers of Shook & Fletcher. St Paul seeks a declaration that it owes no coverage obligations in connection with asbestos-related bodily injury claims asserted against Shook & Fletcher. This matter is now before the court on motion by defendant Shook & Fletcher to dismiss for lack of subject matter jurisdiction. Having carefully considered Shook & Fletcher's motion, the opposition thereto filed by plaintiff St. Paul, and the argument of counsel, the court concludes that this case should be dismissed.

    Jurisdiction is premised on 28 U.S.C. § 1332. Although there is complete diversity on the face of the complaint, Shook & Fletcher argues that the court should look beyond the pleadings and align the parties according to their true interests (citing Indianapolis v. Chase Nat'l Bank, 314 U.S. 63 (1941) and Weller v. Navigator Marine, Inc., 737 F.2d 1547, 1548 (11th Cir.

1984)), thereby destroying diversity because two of the insurance carriers initially aligned as defendants are incorporated in Delaware, as is Shook & Fletcher.

Relying upon Weller, 737 F.2d 1547, and upon Indemnity Ins. Co. v. First Nat'l Bank, 351 F.2d 519 (5th Cir. 1965), Shook & Fletcher contends that the Eleventh Circuit applies the "principal purpose" test to determine how parties should be aligned in assessing whether diversity jurisdiction exists.[1] Under that test, the court determines the principal goal of the action before it and then aligns the parties according to whether they seek or oppose this goal. According to Shook & Fletcher, because all the insurers share the same principal goal of disclaiming insurance coverage, they should be realigned as plaintiffs, thus destroying diversity. Because there is no other basis for subject matter jurisdiction, Shook & Fletcher concludes, this case must be dismissed.

St. Paul urges the court to adopt the "actual and substantial controversy" test. Under that test, an actual or substantial controversy must exist between the parties as originally aligned, whether or not that controversy is the primary or "principal" issue in dispute.[2] St. Paul contends that there exists between it and the other insurance carriers a substantial controversy. Therefore those carriers should not be realigned with St. Paul and this court's diversity jurisdiction remains.

This court reads Weller as signaling that the Eleventh Circuit would apply the "principal purpose" test rather than the "substantial controversy" test. Moreover, applying the

---

[1] In Indemnity Insurance, the old Fifth Circuit held that the need for realignment of parties turns on "the principal purpose of the suit and the primary and controlling matter in dispute." Indemnity Ins., 351 F.2d at 522. Because Weller cites Indemnity Insurance with approval and holds that two parties should have been realigned as co-plaintiffs even though they might have had an action against the third co-plaintiff if the defendant had prevailed, Shook & Fletcher reads Weller as reaffirming the rule of Indemnity Insurance and adopting the "principal purpose" test. According to Shook & Fletcher, by refusing to consider ancillary or contingent disputes, Weller rejected the "actual and substantial controversy" test.

[2] See, e. g., Maryland Cas. Co. v. W. R. Grace and Co., 23 F.3d 617 (2d Cir. 1993); American Motorists Ins. Co. v. Trane Co., 657 F.2d 146 (7th Cir. 1981).

"principal purpose" test is consistent with <u>Indemnity Insurance</u>, 351 F.2d 519, other decisions in the Fifth Circuit, and with decisions in the Third, Fourth, Sixth and Ninth Circuits.  <u>United States Fidelity & Guar. Co. v. A&S Mfg. Co.</u>, 48 F.3d 131 (4th Cir. 1995); <u>United States Fidelity & Guar Co. v. Thomas Solvent Co.</u>, 955 F.2d 1085 (6th Cir. 1992); <u>See</u> <u>Employers Ins. of Wausau v. Crown Cork & Seal Co.</u>, 942 F.2d 862 (3rd Cir. 1991); <u>Continental Airlines v. Goodyear Tire & Rubber Co.</u>, 819 F.2d 1519 (9th Cir. 1987).  Applying the principal purpose test to determine the true interests of the parties, all of the insurance carriers in this action must be realigned as plaintiffs because they share the principal purpose of disclaiming insurance coverage.  Upon such realignment, diversity is destroyed, and, since there is no other basis upon which the court may exercise subject matter jurisdiction, this case must be dismissed.

An Order in accordance with this Memorandum Opinion will be entered.

**DONE** this 30th day of January, 1998.

*Sharon Lovelace Blackburn*
Sharon Lovelace Blackburn
United States District Judge